IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Henry Gambrell, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:10-cv-01969-RMG-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| James Metts and Trinity Food Service[1], ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment by Defendant Trinity Services Group, Inc. ("Trinity"). [Doc. 25.] Plaintiff was a detainee in the custody of the Lexington County Sheriff's Department at the time this matter was filed.[2] Plaintiff is proceeding *pro se* and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff filed this action on July 28, 2010, alleging that he was served spoiled meat and suffered from food poisoning. Trinity was served on August 31, 2010 and, subsequently, filed this motion to dismiss or, in the alternative, for summary judgement on

---

[1] Trinity Food Service is properly known as Trinity Services Group, Inc. [Doc. 25-1.]

[2] Plaintiff Gambrell appears to now be in the custody of Kirkland Correctional Institute in Columbia, South Carolina. [Doc. 42.]

1

October 20, 2010. Plaintiff filed a response to the motion on November 19, 2010. On December 2, 2010, Trinity filed its reply.

## BACKGROUND

Plaintiff filed suit against Trinity pursuant to 42 U.S.C. § 1983 based on the allegation that Trinity violated his rights under the Eighth Amendment to the United States Constitution in connection with an alleged food poisoning incident that purportedly occurred on or about early April 2010. [Doc. 1 at 2.] Plaintiff seeks compensatory and/or punitive damages in the amount of $1,000,000. [Doc. 1 at 5.]

Trinity submits that the Court should dismiss Plaintiff's claim against Trinity or enter summary judgment in Trinity's favor because: (1) Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. §1997e(a); (2) Plaintiff's request for monetary damages against Trinity is barred by 42 U.S.C. §1997e(e); (3) Trinity is an agent of the Lexington County Sheriff's Department, not a "person" subject to liability under §1983; (4) the claim against Trinity is improperly based on the theory of *respondeat superior*, which is not a valid basis for liability under § 1983; (5) Plaintiff cannot satisfy either the objective or subjective tests for his claim; (6) punitive damages are not warranted under the circumstances alleged; and (7) Trinity is entitled to qualified immunity.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Complaint**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.

1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law.  Section 1983 provides, in relevant part,

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C.A. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage."  *Mentavlos*

*v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct

4

of which the plaintiff complains.'" *American Mfrs Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982).

**Motion to Dismiss and Motion for Summary Judgment Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(d).

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(e). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An

issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not

6

> so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

Because Trinity, in its motion, presented to the court matters outside the pleadings, which the court did not exclude, Trinity's motion shall be treated as one for summary judgment.

## **DISCUSSION**

**Exhaustion of Administrative Remedies**

The Court will first consider Trinity's claim that it is entitled to summary judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also* 28 U.S.C.A. § 1915(h). The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a). The Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the present action, Plaintiff has failed to show that he has either exhausted his administrative remedies or that he was prevented from exhausting them. While Plaintiff is not required to plead exhaustion in his complaint, *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005), he is required to produce evidence in response to a motion for summary judgment refuting the claim that he failed to exhaust, *see Hill v Haynes*, 380 Fed.Appx. 268, 270 (4th Cir. 2010) ("to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial").

In his Complaint, Plaintiff alleges that there was a grievance procedure at the institution, that he filed a grievance concerning the claims in this matter on April 8, 2010, and that he received a final answer or determination on April 14, 2010. [Doc. 1 at 2.] Plaintiff also states in his complaint that ". . . we complain[ed] to them day after day about the throw-up meat (gravy), and they laugh[ed][] and think it's so funny . . ." [Doc. 1 at 4.] In its motion, Trinity provides the affidavit of Joseph B. Quig, III, the Lexington County Jail Administrator. [Doc. 25-3.] In his affidavit, Mr. Quig states that he, at the request of Trinity, investigated Plaintiff's efforts to exhaust administrative remedies and found no records of any grievance or grievance appeals. [Doc. 23-3 at ¶¶ 3-4]. In response to Trinity's motion, Plaintiff alleges that he did not "receiv[e] [his] grievances against the kitchen back until October . . . they probably thr[ew] them in the trash can, they've been known to do so." [Doc. 28 at 4.] Plaintiff also alleges that he sent complaints to Trinity but never received any of them back. [*Id.*]

These allegations, taken in a light most favorable to Plaintiff, are insufficient to withstand a motion for summary judgment in light of contrary evidence. Plaintiff does not allege, and the Grievance Policy does not support a finding, that any complaints made by Plaintiff were in an effort to exhaust his administrative remedies. *See Graham v. Gentry,* No. 09-8161, 2011 WL 587260, at *3 (4th Cir. Feb. 18, 2011) (rejecting plaintiff's argument that he exhausted his administrative remedies by informing jail officials of some of his complaints during a meeting because the plaintiff did not contend that his participation in the meeting was a required step in the jail's grievance process). Therefore, based on the above, the court finds that Trinity is entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies.

**Trinity's Remaining Claims**

Because Plaintiff failed to exhaust administrative remedies before filing this action, the Court declines to address the merits of Trinity's remaining arguments in support of its motion.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant Trinity Service Group, Inc.'s motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

March 29, 2011
Greenville, South Carolina

9