IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Henry Gambrell, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:10-cv-01969-RMG-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| James Metts and Trinity Food Service[1], ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) filed by Defendant James Metts ("Defendant Metts"). [Doc. 35.] Plaintiff was a detainee in the custody of the Lexington County Sheriff's Department at the time this matter was filed.[2] Plaintiff is proceeding *pro se* and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff filed this action on July 28, 2010, alleging that he was served spoiled meet and suffered from food poisoning. [Doc. 1.] On August 12, 2010, the Court issued an

---

[1]Trinity Food Service is properly known as Trinity Services Group, Inc. [Doc. 25-1.]

[2]Plaintiff Gambrell appears to now be in the custody of Kirkland Correctional Institute in Columbia, South Carolina. [Doc. 42.]

1

Order authorizing service of process which advised Plaintiff as follows:

> The plaintiff is a pro se litigant. The plaintiff's attention is directed to the following important notice:
>
> You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court. Put this Order with your own record of this case so that you will not overlook your duty.

[Doc. 6 at 3.] On September 10, 2010, Defendant Metts Answered the Complaint, denying Plaintiff's allegations and denying that Plaintiff was entitled to any relief sought. [Doc. 20.]

On February 8, 2011, Defendant Metts filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 35.] By Order of this court filed February 9, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to respond adequately. [Doc. 37.] On February 25, 2011, the Roseboro Order was returned undeliverable. [Doc 41.] The Roseboro Order was again mailed on February 28, 2011 to an updated address at Kirkland Correctional Institution in Columbia, South Carolina, [Doc. 42], giving Plaintiff 34 days from the date of the Order, or until April 4, 2011, to respond. Plaintiff has failed to respond to the Defendant's motion.

2

**APPLICABLE LAW**

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). When considering whether dismissal under Rule 41(b) is appropriate, a court must consider: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). These factors are "not a rigid four-prong test," however, and whether to dismiss depends on the particular circumstances of the case. *Id.*

**DISCUSSION**

In this case, Plaintiff was advised, by way of the Order authorizing service of process, that he was to keep the clerk's office advised of any change of address so that he could be advised of any deadlines requiring his attention. [Doc. 6.] He was also advised, by way of the Order pursuant to *Roseboro*, 528 F.2d 309, of the possible consequences, including dismissal, if he failed to respond adequately to Defendant Metts' motion to dismiss. [Doc. 37, 42.] Plaintiff chose not to respond to Defendant Metts' motion, even after the Court's Order warning Plaintiff that failure to respond may result in dismissal. Because Plaintiff is proceeding *pro se*, he is entirely responsible for his actions.

3

The Court concludes that Plaintiff has abandoned his lawsuit. When considering the particular circumstances of this case in light of the factors set forth in *Ballard*, the Court recommends that this action be dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b).

## **CONCLUSION**

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 7, 2011
Greenville, South Carolina