IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry Gambrell,<br>                Plaintiff,<br><br>vs.<br><br>James Metts and Trinity Food Service[1],<br>                Defendants. | Civil Action No. 8:10-cv-1969-RMG-JDA<br><br>**ORDER** |

Plaintiff brings this *pro se* action pursuant to 42 U.S.C § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge issued a Report and Recommendation recommending that Defendant Trinity Food Service's motion for summary judgment (Dkt. No. 25) be granted. (Dkt. No. 44). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has objected to the Report and Recommendation. As explained herein, this Court agrees with the Magistrate Judge's recommendation.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

---

[1] Correctly known as Trinity Services Group, Inc.

U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court, after consideration of Plaintiff's objections and a *de novo* review of this matter, agrees with the conclusions of the Magistrate Judge.

Trinity claims that it is entitled to summary judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA") defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also* 28 U.S.C.A. § 1915(h). The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a). The Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Here, Plaintiff has failed to show that he has either exhausted his administrative remedies or that he was prevented from exhausting them. While Plaintiff is not required to plead exhaustion in his complaint, *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005), he is required to produce evidence in response to a motion for summary judgment refuting the claim that he failed to exhaust, *see Hill v Haynes*, 380 Fed.Appx. 268, 270 (4th Cir. 2010) ("to withstand a motion for summary judgment, the non-moving party must produce

competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial").

In his Complaint, filed on July 28, 2010, Plaintiff alleges that there was a grievance procedure at the institution, that he filed a grievance concerning the claims in this matter on April 8, 2010, and that he received a final answer or determination on April 14, 2010. (Dkt. No. 1 at p. 2). In its motion, Trinity provides the affidavit of Joseph B. Quig, III, the Lexington County Jail Administrator. (Dkt. No. 25-3.) In his affidavit, Mr. Quig states that he, at the request of Trinity, investigated Plaintiff's efforts to exhaust administrative remedies and found no records of any grievance or grievance appeals. (Dkt. No. 23-3 at ¶¶ 3-4).

Mr. Quig attached to his affidavit a copy of the Lexington County Detention Center's Grievance Procedure, which set forth a multi-step process for the submission of a grievance, a written response to the grievance and an appeal within 48 hours of the written response to the Sheriff. (Dkt. No. 25-3 at 5-7). The initial grievance form, called an "Inmate Request", contains multiple copies and the Grievance Procedure provides that "each inmate who files a grievance shall retain a copy of the bottom copy of the 'Inmate Request' form turned into the officer." (*Id.* at 6-7). The Grievance Procedure further provides that copies of all appeals and accompanying responses "shall be maintained for a period of one year in the inmate's booking jacket." (*Id.* at 7).

In response to Trinity's motion, Plaintiff alleges that he did not "receiv[e] [his] grievances against the kitchen back until October . . . they probably thr[ew] them in the trash can, they've been known to do so." (Dkt. No. 28 at 4). Plaintiff also alleges that he sent complaints to Trinity but never received any of them back. (*Id.*). Plaintiff has not explained the discrepancy between his allegation in the complaint that he received a final agency decision on

April 14, 2010 and his subsequent statement that he did not receive a response until October 2010. (Dkt. No. 1 at 2; 28 at 4). Further, Plaintiff has offered no evidence he timely filed an appeal to an alleged initial grievance decision, which is an essential element of the exhaustion of administrative remedies available at the Lexington County Detention Center Grievance Procedure.

Accordingly, taking the allegations in a light most favorable to Plaintiff, they are insufficient to withstand a motion for summary judgment. Defendants have offered evidence that no grievance was ever submitted by Plaintiff in this matter, no initial agency decision was ever rendered, no appeal was ever filed and no final decision was ever rendered by the Sheriff. (Dkt. No. 25-2, 3) On the other hand, Plaintiff has offered no documentary evidence that he ever submitted a grievance regarding his alleged food poisoning and his statements regarding the date of an alleged final agency decision have been inconsistent. Moreover, he has offered no evidence that he submitted a written appeal of the alleged agency decision, an essential element of exhaustion of administrative remedies. Further, Plaintiff does not allege, and the Grievance Policy does not support a finding, that any complaints made by Plaintiff were in an effort to exhaust his administrative remedies. *See Graham v. Gentry*, No. 09-8161, 2011 WL 587260, at *3 (4th Cir. Feb. 18, 2011) (rejecting plaintiff's argument that he exhausted his administrative remedies by informing jail officials of some of his complaints during a meeting because the plaintiff did not contend that his participation in the meeting was a required step in the jail's grievance process). Therefore, Trinity is entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies.

## CONCLUSION

After a thorough review of the Record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court **grants** Defendant Trinity's motion for summary judgment. (Dkt. No. 25).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 18, 2011
Charleston, South Carolina