IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Henry Gambrell, ) | |
| ) | |
| Plaintiff, ) | Case No. 8:10-cv-01969-RMG-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| James Metts, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on a motion for summary judgment by Defendant James Metts ("Metts"). [Doc. 62.] Plaintiff was a detainee in the custody of the Lexington County Sheriff's Department at the time this matter was filed.[1] Plaintiff is proceeding pro se and brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff filed this action on July 28, 2010, alleging he was served spoiled meat and suffered from food poisoning.[2] Metts was served on August 31, 2010 [Doc. 21] and filed this motion for summary judgment on May 12, 2011 [Doc. 62]. Plaintiff filed a response to the motion on July 13, 2011. [Doc. 74.] This matter is now ripe for review.

---

[1] Plaintiff appears to now be at the Trenton Correctional Institution. [Doc. 76-1.]

[2] Plaintiff filed this action against Metts, Trinity Food Service, Lexington County, Lexington County Detention Center, and "Kitchen." [Doc. 1 at 1.] However, Defendants Lexington County, Lexington County Detention Center, and "Kitchen" were dismissed from the action on September 3, 2010 [Doc. 17], and Defendant Trinity Food Service was dismissed on April 19, 2011 [Doc. 56]. Accordingly, the only remaining Defendant is Metts.

## BACKGROUND

Plaintiff filed suit against Metts pursuant to 42 U.S.C. § 1983 based on the allegation that Metts violated his rights under the Eighth Amendment to the United States Constitution in connection with an alleged food poisoning incident that purportedly occurred on or about early April 2010. [Doc. 1 at 2.] Plaintiff seeks compensatory and/or punitive damages in the amount of $1,000,000. [Doc. 1 at 5.]

Metts submits that the Court should enter summary judgment in his favor because: (1) Metts is not a "person" under §1983 and is entitled to immunity pursuant to the Eleventh Amendment; (2) Plaintiff has failed to establish any personal involvement on the part of Metts; and (3) Plaintiff has failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. §1997e(a).

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court

may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

**Exhaustion of Administrative Remedies**

The Court will first consider Metts's claim that he is entitled to summary judgment on Plaintiff's claim because Plaintiff failed to exhaust his administrative remedies prior to initiating litigation as required by 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA") defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c); *see also* 28 U.S.C.A. § 1915(h). The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a). The Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the present action, Plaintiff has failed to show that he has either exhausted his administrative remedies or that he was prevented from exhausting them. While a plaintiff is not required to plead exhaustion in his complaint, *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005), he is required to produce evidence in response to a motion for summary judgment refuting the claim that he failed to exhaust, *see Hill v Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) ("to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial").

In his Complaint, Plaintiff alleges that there was a grievance procedure at the institution, that he filed a grievance concerning the claims in this matter on April 8, 2010, and that he received a final answer or determination on April 14, 2010. [Doc. 1 at 2.] Plaintiff also states in his complaint that ". . . we complain[ed] to them day after day about the throw-up meat (gravy), and they laugh[ed][] and think it's so funny . . . ." [Doc. 1 at 4.] In support of his motion, Metts provides the affidavit of Joseph B. Quig, III ("Quig"), the Lexington County Jail Administrator. [Doc. 62-2.] In his affidavit, Quig states that he investigated Plaintiff's efforts to exhaust administrative remedies and found no records of any grievance or grievance appeals. [Doc. 62-2 ¶¶ 3-4]. In response to Metts's motion, Plaintiff alleges he sent grievances but they were unanswered and not returned. [Doc. 74 at 1.] Plaintiff further alleges he "wrote the kitchen . . . to no return." [*Id.* at 3–4.]

These allegations, taken in a light most favorable to Plaintiff, are insufficient to withstand a motion for summary judgment in light of contrary evidence.  Plaintiff failed to explain the discrepancy between his allegation in the Complaint that he received a final agency decision on April 14, 2010 and his subsequent statement that he never received an answer or response to his grievances.  [*See* Doc. 1 at 2; Doc. 74 at 1.]  Moreover, Plaintiff does not allege, and the Grievance Policy [Doc. 62-2 at 5–7] does not support a finding, that any complaints made by Plaintiff were in an effort to exhaust his administrative remedies. *See Graham v. Gentry,* No. 09-8161, 2011 WL 587260, at *3 (4th Cir. Feb. 18, 2011) (rejecting the plaintiff's argument that he exhausted his administrative remedies by informing jail officials of some of his complaints during a meeting because the plaintiff did not contend that his participation in the meeting was a required step in the jail's grievance process).  Therefore, based on the above, Metts's motion for summary judgment should be granted because Plaintiff failed to exhaust administrative remedies.

**Metts's Remaining Arguments**

Because Plaintiff failed to exhaust administrative remedies before filing this action, the Court declines to address the merits of Metts's remaining arguments in support of his motion.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Metts's motion for summary judgment be GRANTED.

8

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

November 22, 2011
Greenville, South Carolina