IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry Gambrell,<br>    Plaintiff,<br><br>v.<br><br>James Metts,<br>    Defendant. | Case No. 8:10-cv-1969-RMG<br><br>**ORDER** |

In this *pro se* action, Plaintiff contends that his civil rights were violated and that he is entitled to relief pursuant to 42 U.S.C § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC, the case was automatically referred to the United States Magistrate Judge for pretrial proceedings and a Report and Recommendation. On May 12, 2011, Defendant[1] filed a motion for summary judgment. (Dkt. No. 62). On July 13, 2011, Plaintiff filed a response. (Dkt. No. 74). On November 22, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendant's motion. (Dkt. No. 77). On December 7, 2011, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 79). As explained herein, this Court adopts the Magistrate's Report and Recommendation and grants Defendant's motion.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.

---

[1] Plaintiff filed this action against James Metts, Trinity Food Service, Lexington County, Lexington County Detention Center, and "Kitchen." (Dkt. No. 1 at 1). However, Defendants Lexington County, Lexington County Detention Center, and "Kitchen" were dismissed from the action on September 3, 2010 (Dkt. No. 17), and Defendant Trinity Food Service was dismissed on April 19, 2011 (Dkt. No. 56). Accordingly, the only remaining Defendant is James Metts.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Court, having reviewed the Report and Recommendation, the filings of the parties, and the applicable legal standards, hereby adopts the Report and Recommendation of the Magistrate Judge (Dkt. No. 77) as the order of the Court. As explained in the Report and Recommendation, Plaintiff has not exhausted his administrative remedies, which is a prerequisite, pursuant to the Prison Litigation Reform Act, to pursuing this claim. Plaintiff has not explained the discrepancy between his Complaint, which states that he filed a grievance and received a final answer or determination on April 14, 2010 (Dkt. No. 1 at 2) and his response to Defendant's motion for summary judgment, which states that he sent grievances but they were unanswered and not returned. (Dkt. No. 74 at 1). A review of the prison records did not show any record of Plaintiff filing a grievance regarding this matter. (Dkt. No. 62-2 at ¶¶ 3-4).

Therefore, the Court adopts the Magistrate's Report and Recommendation in its entirety as the Order of this Court, and the Defendant's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

*[signature]*

Richard Mark Gergel
United States District Court Judge

December 16, 2011
Charleston, South Carolina